FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 11 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 24-187-DHU |
| ) | |
| vs. ) | Count 1: 18 U.S.C. §§ 922(a)(1)(A), |
| ) | 923(a), and 924(a)(1)(D): Unlicensed |
| **BRIAN JOSEPH**, ) | Dealing in Firearms; |
| ) | |
| Defendant. ) | Counts 2 through 4: 18 U.S.C. § 924(n): |
| ) | Interstate Travel to Deal Firearms |
| ) | Without a License; |
| ) | |
| ) | Counts 5 through 12: 18 U.S.C. |
| ) | § 1956(a)(1)(A)(i): Promotion Money |
| ) | Laundering. |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count 1

Beginning on a date unknown, but no later than on or about October 15, 2021, and continuing to on or about November 29, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **BRIAN JOSEPH**, not being a licensed dealer of firearms, willfully engaged in the business of dealing firearms.

In violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### Count 2

On or about October 15, 2021, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **BRIAN JOSEPH**, with the intent to engage in conduct that constitutes a violation of 18 U.S.C. § 922(a)(1)(A), traveled from California to New Mexico and acquired and attempted to acquire a firearm in New Mexico in furtherance of such purpose.

In violation of 18 U.S.C. § 924(n).

## Count 3

Between on or about March 31, 2022, and on or about April 2, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **BRIAN JOSEPH**, with the intent to engage in conduct that constitutes a violation of 18 U.S.C. § 922(a)(1)(A), traveled from California to New Mexico and acquired and attempted to acquire a firearm in New Mexico in furtherance of such purpose.

In violation of 18 U.S.C. § 924(n).

## Count 4

Between on or about November 25, 2022, and on or about November 28, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **BRIAN JOSEPH**, with the intent to engage in conduct that constitutes a violation of 18 U.S.C. § 922(a)(1)(A), traveled from California to New Mexico and acquired and attempted to acquire a firearm in New Mexico in furtherance of such purpose.

In violation of 18 U.S.C. § 924(n).

## Counts 5 through 12

The allegations contained in Counts 2, 3, and 4 are re-alleged and incorporated by reference as though fully set forth herein.

On or about the dates specified below as to Counts 5 through 12 respectively, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **BRIAN JOSEPH**, knowingly conducted and attempted to conduct a financial transaction in and affecting interstate commerce, that is, movement of funds by wire or other means from Wescom Credit Union, a financial institution engaged in interstate commerce, to PNC Bank Mortgage, another

financial institution engaged in interstate commerce, which involved the proceeds of a specified unlawful activity, that is, interstate travel to deal firearms without a license in violation of 18 U.S.C. § 924(n), with the intent to promote the carrying on that specified unlawful activity and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Financial Transaction | Amount |
| --- | --- | --- | --- |
| 5 | February 6, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $876.26 |
| 6 | March 8, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $876.26 |
| 7 | May 5, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $876.26 |
| 8 | June 5, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $876.26 |
| 9 | July 7, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $876.26 |
| 10 | August 6, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $1,058.92 |
| 11 | October 6, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $1,058.92 |
| 12 | October 30, 2022 | Electronic transfer of funds from a Wescom Credit Union checking account to a PNC Bank mortgage account. | $1,058.92 |

In violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## FORFEITURE ALLEGATIONS

Counts 2 through 4 of this superseding indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of any offense in violation of 18 U.S.C. § 924(n), the defendant, **BRIAN JOSEPH**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

1. <u>Money Judgment</u>

A sum of money representing property constituting or derived from proceeds traceable to the offense(s) set forth in the Count(s) of conviction.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Counts 5 through 12 of this superseding indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction of any offense in violation of 18 U.S.C. § 1956, the defendant, **BRIAN JOSEPH**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. Money Judgment:

    A sum of money representing property involved in the offense(s) set forth in the Count(s) of conviction and any property traceable to such property.

2. Real Property:

    679 Vista Luna SW, Albuquerque, New Mexico 87121, with Bernalillo County parcel identification number 100905646220441819, also known as Lot 25-P1, Block 5 Plat of Vista Sandia Subdivision Unit 3.

3. Personal Property:

    Funds totaling approximately $12,353.23.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney